UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
HILDA SOLIS, Secretary of Labor, : Civil Action File
United States Department of Labor,
: No. CV-11-5325
Plaintiff,
v. : CONSENT JUDGMENT

Luis D. Ruano and Jose Hernandez-Gramajo, :
Individually,
:
Defendants.
------------------------------------------------------------------

Plaintiff, the Secretary of Labor, has filed her Complaint and defendants LUIS D. RUANO and JOSE HERNANDEZ-GRAMAJO waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or

employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a) (2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship.

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Defendants LUIS D. RUANO AND JOSE HERNANDEZ-GRAMAJO are enjoined and restrained from withholding the payment of a total of **$86,956.59**: **$86,703.54** in minimum wage and overtime compensation plus post-judgment interest in the amount of $253.05 due certain employees listed on Exhibit A. Payment of this amount will be made in monthly installments in accordance with the amounts and due dates set forth in Exhibit B. All installment payments shall be in checks made payable to "name of the employee listed on exhibit B or Wage and Hour Division-Labor" with "Case No. 1623062 et al" written on the face of each check.

III. A copy of each of the checks along with the Form WH-58 shall be sent to U.S. Department of Labor, Wage & Hour Division, 11A CLINTON AVE., RM 822, ALBANY, NY 12207, Attn: JAY ROSENBLUM, District Director.

IV. If the defendants fail to make an installment payment on Exhibit B without making up the arrearage within two weeks after written notice to defendants, the entire balance shall become due and payable immediately.

V. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

VI. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith

deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VII. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

VIII. If the defendants fail to make the payments as set forth above, upon notice to the defendants; the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

(1) Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

(2) All the expenses of the accountant or Receiver shall be borne solely by defendants.

(3) If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

(4) The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

IX. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

X. Defendants shall orally inform all their employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

XI. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after **July 31, 2011.**

XII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

          s/CBA

         UNITED STATES DISTRICT JUDGE

DATED:
   **Central Islip, NY**          11/22/2011

Defendants and consent to the entry of this Judgment.

_____
LUIS D. RUANO, Individually

_____
JOSE HERNANDEZ-GRAMAJO, Individually

6